IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
_____ DIVISION
No. 7:20-MC-4-RJ

FILED
SEP 0 8 2020
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK



| | |
|---|---|
| OFFICE DEPOT, INC., a Delaware Corporation ) ) ) Plaintiff, ) ) vs. ) ) ELEMENTUM LTD., f/k/a ) ELEMENTUM SCM (CAYMAN) LTD., a ) Foreign Limited Partnership ) ) Defendant. ) ) | **MOTION OF NON-PARTY LENOVO (UNITED STATES) INC. TO QUASH OR MODIFY SUBPOENA**<br><br>Rule 45 Motion Related to<br>Case No. 9:19-cv-81305-AHS<br>pending in the Southern District of Florida |

Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure and Local Rule 7.1(c), Non-Party Lenovo (United States) Inc. ("Lenovo United States") moves to quash a subpoena addressed to Lenovo United States by Plaintiff Office Depot, Inc. ("Office Depot") dated August 20, 2020. In support of its motion, Lenovo United States states:

1. The Complaint in the underlying action—first filed on September 24, 2019 (ECF No. 1 in S.D.Fla. No. 9:19-cv-81305-AHS (the "S.D.Fla. Docket")), and most recently amended on August 12, 2020 (S.D.Fla. ECF No. 102)—alleges two causes of action by Office Depot against Defendant Elementum Ltd. ("Elementum"). Lenovo United States is not a party to the action.

2. Both causes of action purport to arise out of an August 16, 2017 supply chain software agreement between Office Depot and Elementum. In its first cause of action, Office Depot alleges that Elementum failed to provide the software and services allowed under the agreement. In its second cause of action—a cause of action that has previously been dismissed by the Southern District of Florida (S.D.Fla. ECF No. 90) and is currently the subject of another

motion to dismiss (S.D.Fla. ECF No. 104)—Office Depot alleges that Elementum fraudulently induced Office Depot to enter the contract through making false representations about its ability to provide satisfactory software and services.

3. Lenovo United States' connection to this case arises solely out of the fact that a Lenovo affiliate was an Elementum customer, pursuant to a relationship wholly separate and apart from any relationship between Office Depot and Elementum.

4. On or about April 29, 2020, Office Depot served a prior *subpoena duces tecum* dated April 28, 2020 (**Exhibit A** to the Anderson Declaration, the "Document Subpoena") on Lenovo United States. The Document Subpoena called for Lenovo United States to produce documents from a period of over four years that fell within eight broadly defined categories (which together contained eleven additional subcategories). Lenovo United States contacted Office Depot in response to the Document Subpoena, and informed Office Depot that it anticipated objecting to the Document Subpoena on the grounds of overbreadth, undue burden, lack of proportionality to the needs of the case and the theories of relevance presented by Office Depot, and unreasonable time. Lenovo United States and Office Depot met and conferred, and Office Depot agreed to accept three narrow categories of documents in satisfaction of the Document Subpoena.

5. On July 27, 2020, pursuant to the Document Subpoena, Lenovo United States produced 447 pages of documents to Office Depot, including the agreement between Lenovo Global Technology HK Limited and Elementum, along with numerous documents exchanged between Lenovo United States and Elementum between June 2017 and September 2017. (*See* **Exhibit B** to the Anderson Declaration.)

6. On August 21, 2020, Office Depot provided Lenovo United States with the *subpoena ad testificandum* (**Exhibit C** to the Anderson Declaration, the "Deposition Subpoena") that serves as the subject of this Motion.

7. The Deposition Subpoena, pursuant to Rule 30(b)(6), calls for Lenovo United States to designate a witness and to prepare that witness to testify regarding information known or reasonably available to Lenovo United States regarding eight enumerated topics.

8. The Deposition Subpoena calls for Lenovo United States to testify on September 4, 2020, via video link from its headquarters in Wake County, North Carolina. The Deposition Subpoena therefore calls for compliance within this District and venue is appropriate pursuant to Fed. R. Civ. P. 45(d)(3).

9. During meet-and-confer efforts, counsel for Office Depot agreed that this Motion would be treated as timely if it were filed on or before September 8, 2020. The discovery cutoff in the underlying case is September 11, 2020. (S.D.Fla. ECF No. 87.)

10. The Deposition Subpoena should be quashed in its entirety because it was not served in accordance with Rule 45(b). Specifically, Rule 45(b)(1) requires that "if the subpoena requires that person's attendance," service is only appropriate through "tendering the fees for 1 day's attendance." Office Depot did not tender fees for Lenovo United States' attendance at the deposition and the Subpoena therefore has not been properly served on Lenovo United States. Office Depot did tender fees at 10:53 on the morning of September 4, 2020, and tendered those fees with a slightly different subpoena with similar topics that nonetheless called for Lenovo United States to testify 53 minutes earlier at 10:00 that morning. (Anderson Dec. Ex. I.)

11. The Deposition Subpoena should also be quashed—or in the alternative, modified—under Rule 45(d)(3)(A) because it subjects Lenovo United States to undue burden

3

and expense. Specifically, the Deposition Subpoena attempts to impose an undue burden on Lenovo United States in that it (i) calls for information not relevant to the dispute between Office Depot and Elementum; (ii) to the extent any of the information called for by the Deposition Subpoena is relevant, the topics in the Deposition Subpoena are overly broad and vague; (iii) the Deposition Subpoena is cumulative of the Document Subpoena because it seeks information either previously disclosed through Lenovo United States' production in response to the Document Subpoena or that could have been disclosed through Lenovo United States' production in response to the Document Subpoena but was not sought by Office Depot; and (iv) Office Depot failed to first obtain from Elementum the testimony it now seeks from Lenovo United States, and such party discovery in the underlying action would have eliminated the need for any discovery and the imposition of any burden on Lenovo United States.

12. In issuing the Deposition Subpoena, Office Depot seeks discovery from non-party Lenovo United States through discovery tactics that the Court in Florida has already instructed Office Depot to be overly broad and not properly tailored. The Deposition Subpoena would unduly burden Lenovo United States by requiring it to prepare a witness to testify—and to attend a deposition—regarding issues that are not appropriately tailored.

13. Office Depot served document subpoenas on approximately eight other prior and current Elementum customers, similar to the document subpoena served on Lenovo United States. (S.D.Fla. ECF Nos. 133-1, 133-2.) On information and belief, Lenovo United States is the only Elementum customer that Office Depot has burdened with a deposition subpoena, even though the Complaint makes no specific reference to Lenovo United States, and the Complaint specifically (although not by name) references some of Elementum's other customers.

4

14. Office Depot is currently seeking further documents and information from Elementum regarding Elementum's relationship with Lenovo United States. By seeking information from Lenovo United States without first obtaining this information from Elementum, Office Depot is unduly placing the burden of this litigation on a non-Party. Or Office Depot suspects that Elementum has asserted valid objections to its attempts at further discovery into the Elementum/Lenovo United States relationship and is using the Deposition Subpoena as an end-run. Either way, Office Depot's actions place an undue burden on Lenovo United States.

15. The topics included in the Deposition Subpoena—and Office Depot's relevance theories associated with those topics—are best addressed through document discovery. For some topics, Office Depot already has the answers to many of the questions that it might ask during deposition from the documents produced by Lenovo United States (and Elementum). For other topics, Office Depot could have sought documents related to those topics as part of the Document Subpoena, but chose not to pursue those documents. Office Depot's delay is not grounds for unduly burdening Lenovo United States by issuing another subpoena and requiring testimony.

16. For similar reasons, pursuant to Rule 45(d)(1), the Court should impose "an appropriate sanction" on Office Depot for its failure to comply with its obligations to avoid the imposition of undue burdens on Lenovo United States.

17. Counsel for Lenovo United States has met and conferred with counsel for Office Depot in a good faith effort to resolve these disputes. Specifically, counsel participated in telephone conferences on August 24, 2020, September 1, 2020, September 3, 2020, and September 4, 2020, and exchanged additional emails. The meet-and-confer efforts are described

in the accompanying Declaration of Scott D. Anderson. Counsel were unable to resolve these disputes.

WHEREFORE, Lenovo United States moves the Court for an order:

i) Quashing the Deposition Subpoena in its entirety;

ii) To the extent Office Depot contends that the subpoena tendered on September 4, 2020 is a separate subpoena, quashing that subpoena as well;

ii) In the alternative, modifying the Deposition Subpoena to eliminate any undue burden on Lenovo United States;

iii) Pursuant to Rule 45(d)(1), imposing sanctions upon Office Depot for failing to protect Lenovo United States from undue burden or expense; and,

iv) Granting such other relief as to the Court seems just and proper.

This, the 8th day of September, 2020.

*(signature)*
Hayden J. Silver, III (N.C. State Bar No. 10037)
Jay.Silver@wbd-us.com
Scott D. Anderson (N.C. State Bar No. 49044)
Scott.D.Anderson@wbd-us.com
Womble Bond Dickinson (US), LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2124

*Attorneys for Non-party Lenovo (United States) Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of Court and have this day served a copy of the foregoing by depositing a copy thereof in the United States mail, postage prepaid, addressed as follows to the following counsel of record in the underlying action:

| | |
|---|---|
| Christopher R.J. Pace<br>Brianna Paige Hathaway<br>Christina Therese Mastrucci<br>Christopher Martin Lomax<br>Jones Day<br>600 Brickell Avenue, Suite 3300<br>Miami, FL 33131 | Philip Benjamin Zuckerman<br>Berger Singerman LLP<br>2650 North Military Trail, Suite 240<br>Boca Raton, FL 33431 |
| Geoffrey Lottenberg<br>Berger Singerman LLP<br>350 E Las Olas Blvd., Suite 1000<br>Fort Lauderdale, FL 33330 | Asim Bhansali<br>Kate E. Lazarus<br>Nicholas A. Roethlisberger<br>Kwun Bhansali Lazarus LLP<br>555 Montgomery Street, Suite 750<br>San Francisco, CA 94111 |
| John C. Carey<br>Carey Rodriguez Greenberg O'Keefe LLP<br>1395 Brickell Avenue, Suite 700<br>Miami, FL 33131 | |

This the 8th day of September, 2020.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Scott D. Anderson

Scott D. Anderson, NC State Bar No. 49044
555 Fayetteville Street, Suite 1100
PO Box 831
Raleigh, NC 27602
Phone: (919) 755-2124
Fax: (919) 755-6084
Scott.D.Anderson@wbd-us.com

*Attorney for Lenovo (United States), Inc.*