No 2.1

# EXHIBIT A

# JONES DAY

600 BRICKELL AVENUE • BRICKELL WORLD PLAZA • SUITE 3300 • MIAMI, FLORIDA 33131
TELEPHONE: +1.305.714.9700 • FACSIMILE: +1.305.714.9799

DIRECT NUMBER: (305) 714-9719
CLOMAX@JONESDAY.COM

April 28, 2020

Lenovo (United States) Inc.
Attn: Legal Department
8001 Development Dr.
Morrisville, NC 27560

    Re:    *Office Depot, Inc., et al. v. Elementum, Ltd.*, Case No. 9:19-cv-81305 (S.D. Fla.): Subpoena to Produce Documents in a Civil Action

To Whom it May Concern:

    Enclosed please find a *Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action* (the "Subpoena") directed to Lenovo (US) Inc. This Subpoena is being served in connection with a civil dispute pending in the United States District Court for the Southern District of Florida before the Honorable Judge Singhal, and styled as *Office Depot, Inc., et al. v. Elementum, Ltd.*, Case No. 9:19-cv-81305 (AHS). The Subpoena's deadline for production of documents responsive to its requests is May 18, 2020. However, we are willing to meet and confer with you regarding the production date and the particular document requests, and we are open to modifying or narrowing the subpoena to reduce its burden on the company. Please contact us, or ask your counsel to contact us, to discuss the Subpoena.

                                                Best regards,

                                                Christopher M. Lomax

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| OFFICE DEPOT, INC. | ) |  |
|---|---|---|
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. 9:19-cv-81305-AHS |
| ELEMENTUM LTD., f/k/a ELEMENTUM SCM (CAYMAN) LTD. | ) ) |  |
| *Defendant* | ) |  |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: LENOVO (UNITED STATES) INC.
c/o CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: Jones Day (c/o Christopher M. Lomax) 600 Brickell Avenue, Suite 3300 Miami, FL 33131 | Date and Time: 05/18/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/28/2020

*CLERK OF COURT*

OR

_____         /s/ Christopher M. Lomax
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Office Depot, Inc. _____, who issues or requests this subpoena, are:

Christopher M. Lomax; 600 Brickell Ave., Suite 3300, Miami, FL 33131; clomax@jonesday.com, 305.714.9719

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 9:19-cv-81305-AHS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

OFFICE DEPOT, INC. a Delaware
Corporation,

    Plaintiff,

v.

Case No.: 9:19-cv-81305-AHS

ELEMENTUM LTD., f/k/a
ELEMENTUM SCM (CAYMAN) LTD.,
a Foreign Limited Partnership,

    Defendant.
_____/

## ATTACHMENT TO SUBPOENA TO LENOVO TO PRODUCE DOCUMENTS, AND ELECTRONICALLY STORED INFORMATION

### DEFINITIONS

1. "And" and "or" have both conjunctive and disjunctive meanings and therefore should be read as "and/or." Similarly, "all," "any," "each," and "every" are used in the inclusive sense, and therefore should be read as meaning "each and every."

2. "Documents" shall include "documents" and "electronically stored information" as those terms are used in the Federal Rules of Civil Procedure, and shall include (1) any written, typed, recorded, or graphic matter, however produced, reproduced, or stored, in whatever form, (2) photographs, videos and video files, sound recordings, drawings, diagrams and specifications, (3) emails, calendars, contact data, and notes sent to or from computers or other mobile devices (e.g., iPhone, iPad, Android devices and Blackberry devices), including the metadata associated with the same, (4) information generated from the use of a software program, and (5) all information stored on computer memory devices, hard drives, hard disks, floppy disks, CD-ROMs, DVDs, internal or external websites, and

flash/jump/thumb drives. Document also includes all non-identical copies, drafts or versions of documents or electronically stored information, whether different from the original because of any alterations, revisions, notes, comments or other material contained thereon, therein, attached, embedded or otherwise.

3. "Elementum" refers to Elementum Ltd. (f/k/a Elementum SCM (Cayman) Ltd.), including any predecessors, successors, affiliates, and employees.

4. The use of the word "including" shall be construed to mean "including without limitation."

5. "Software" means a software program, software application or any other computer program.

6. "You" or "Your" refers to Lenovo (United States) Inc., including any predecessors, successors, affiliates and employees.

## INSTRUCTIONS

1. Unless otherwise stated, the relevant time period for these requests is from January 1, 2016 up to and including the date on which production is made in response to these requests.

2. Please furnish all requested Documents in your possession, custody or control.

3. Documents shall be produced as they have been kept in the ordinary course of business. Documents attached to or associated with each other (physically or via email) should not be separated.

4. To the extent that any requested Documents are withheld from inspection and copying based upon a claim of privilege or other authority, You are required to provide as to each such withheld Document the following information:

2

i. the title, date and type of Document (e.g., email, text message, memorandum, report, chart, etc.);
    ii. its subject matter (without revealing the information as to which privilege or statutory authority is claimed);
    iii. the name of each author, writer and/or sender of the Document;
    iv. the name of each recipient, addressee, or other party to whom the Document or a copy was sent or directed; and
    v. the specific privilege claimed and the basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for withholding the Document.
5. If a portion of an otherwise responsive Document contains information subject to a claim of privilege pursuant to paragraph 4 above, those portions of the Document subject to the claim of privilege shall be redacted from the Document, the instructions in the preceding paragraph 4 shall be applicable, and the rest of the Document shall be produced.
6. If an objection or request for relief is made with respect to any Request or portion thereof, the objection or request for relief shall state all grounds with specificity. Any ground not stated in the objection or request for relief shall be deemed waived.

## REQUESTS FOR PRODUCTION

1. Any agreements between You and Elementum involving the purchase, license, lease, rental, right to use or right to access Software, database(s), and/or website(s). Agreements includes related exhibits, appendices, tables, statements of work and order forms as well as amendments, modifications, waivers or cancellations to any of the foregoing.

3

2. Any agreements between You and Elementum involving the purchase, license, lease, rental, right to use or right to access services relating to Software, database(s), and/or website(s). Agreements includes related exhibits, appendices, tables, statements of work and order forms as well as amendments, modifications, waivers or cancellations to any of the foregoing.

3. In connection with each project to implement, deploy, use, access or operate Software, database(s) or website(s) purchased, leased, licensed or otherwise obtained from Elementum (a "Project"):

    i. Any log or record of changes made to the Project;

    ii. Documents sufficient to identify any instance in which the Software, database or website did not perform as it was required to perform pursuant to the terms of any agreement encompassed within Request No. 1 or as Elementum represented or stated it would perform.

    iii. Documents, other than emails, that were provided to or generated by any group, team or committee in which both employees or representatives of You and employees or representatives of Elementum participated. To be clear, this request would encompass documents that are not emails but were attachments to emails or to which a link to the document was provided in an email.

4. Documents stating, addressing, discussing or analyzing that Elementum was not providing, or was delaying in providing, the Software, database(s), website(s) or service(s) that it was required to provide pursuant to an agreement or that it stated or represented it would provide, including documents stating, addressing, discussing or analyzing *that*:

4

i. Elementum was or may be in breach of an agreement with You;

ii. Any agreement between You and Elementum is being or may be terminated or cancelled.

iii. Elementum had made or may have made false or misleading statements or representations to You; and/or

iv. You will not or may not pay compensation to Elementum that would be owed to Elementum under an agreement if Elementum had provided the Software, database(s), website(s) or service(s) that it was required to provide pursuant to an agreement or that it stated or represented it would provide.

5. Documents stating, addressing, discussing or analyzing whether Elementum was providing, or was delaying in providing, the Software, database(s), website(s) or service(s) that it was required to provide pursuant to an agreement or that it stated or represented it would provide, including stating, addressing, discussing or analyzing *whether*:

    i. Elementum was or might be in breach of an agreement with You.

    ii. Any agreement between You and Elementum should be terminated or cancelled.

    iii. Elementum made or may have made false or misleading statements or representations to You; and/or

    iv. You will or should pay compensation to Elementum that would be owed under an agreement if Elementum had provided the Software, database(s), website(s) or service(s) that it was required to provide pursuant to an agreement or that it stated or represented it would provide.

5

6. Documents reflecting any statements or representations made to You by Elementum addressing or discussing other entities with which Elementum had an agreement to provide (or provide access to) Software, database(s), website(s), and/or services relating to Software, database(s), and/or website(s).

7. Documents reflecting, addressing, discussing or analyzing any statements or representations made to You by Elementum relating to Elementum restructuring, pivoting, refocusing or otherwise modifying its company or the Software it provided to You.

8. Documents reflecting, addressing, discussing or analyzing any statements or representations made to You by Elementum relating to Elementum reducing its work force or terminating its employees.