No. 2.2

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

OFFICE DEPOT, INC.,

                Plaintiff,

v.

ELEMENTUM LTD., f/k/a ELEMENTUM
SCM (CAYMAN) LTD.,

                Defendant.

Case No: 9:19-cv-81305-AHS

## OBJECTIONS OF NON-PARTY LENOVO (UNITED STATES) INC. TO SUBPOENA

TO:    Christopher M. Lomax
        Christina T. Mastrucci
        Brianna P. Hathaway
        JONES DAY
        Brickell World Plaza
        600 Brickell Avenue
        Suite 3300
        Miami, Florida 33131
        clomax@jonesday.com
        Cmastrucci@jonesday.com
        BHathaway@jonesday.com

Non-party Lenovo (United States) Inc. ("Lenovo") hereby objects to the subpoena *duces Tecum* (the "Subpoena") issued to Lenovo by Plaintiff Office Depot, Inc. ("Office Depot") in the above-referenced matter.

Office Depot agreed to accept in satisfaction of the Subpoena (1) a production of documents cumulatively produced with the Bates numbers LEN-OD-0000001 through LEN-OD-0000447; and (2) an agreement from Lenovo to search for and produce "one or two" additional PowerPoint presentation from any critical period later identified by counsel for Office Depot. Lenovo produced the documents as agreed by letter dated July 27, 2020.

As indicated in the July 27, 2020 letter, Lenovo understands that—except for any follow-up request for one or two additional documents—Lenovo will have satisfied its obligations under the Subpoena in full. Lenovo does not waive any general or specific objections to the Subpoena, however, and continues to reserve all rights with respect to the Subpoena as set forth only generally below.

## GENERAL OBJECTIONS

1. Lenovo objects to responding to the Subpoena to the extent that it may be construed to request privileged communications with counsel concerning this or other ongoing litigation, the identity of information or documents created or prepared in anticipation of litigation or for trial, or other information or documents that are protected by the attorney-client and/or work-product privileges, or are otherwise not subject to discovery under applicable Local Rules, the Federal Rules of Civil Procedure and/or other applicable law.

2. Lenovo objects to responding to the Subpoena to the extent that it seeks to impose a duty to respond beyond what is required by applicable Local Rules, the Federal Rules of Civil Procedure and/or other applicable law.

3. Lenovo objects to the Subpoena to the extent that it calls for information or the identification of documents that are not within the applicable scope of discovery in the litigation, are not relevant to the subject matter of the litigation, and/or are not proportional to the needs of the case, particularly in light of Office Depot's obligation to take affirmative steps to avoid imposing undue burden and expense on a third party. Lenovo further objects to the Subpoena to the extent that it calls for information which is not available after reasonable inquiry.

4. Lenovo objects to the Subpoena to the extent that it is overly broad or overly inclusive and/or calls for extensive research, investigation, information, or identification of

2

documents which would subject Lenovo to annoyance, embarrassment, oppression, harassment or undue burden or expense, including without limitation requests that require production of "all," "each," or "any" documents.

5. Lenovo objects to the Subpoena because it fails to allow reasonable time for compliance.

6. Lenovo objects to the Subpoena to the extent that it is vague, indefinite, uncertain, ambiguous, incomprehensible and/or confusing because it contains undefined or ill-defined terms, contains incorrect factual assumptions, or fails to describe with reasonable particularity the information sought.

7. Lenovo objects to the Subpoena to the extent that it requires Lenovo to take action other than a reasonable search for documents responsive to the requests maintained in its possession, custody, or control in locations where such documents are most likely to be found. Lenovo objects to the Subpoena to the extent it seeks production of information available through other means that are less burdensome, less expensive or more appropriate than through the requests propounded.

8. Lenovo objects to the Subpoena to the extent that it seeks information that is readily accessible to Office Depot from other litigants or third-parties. To the extent that the Subpoena seeks such documents, it is objected to as improperly cumulative, burdensome, and oppressive.

9. Lenovo objects to the Subpoena to the extent it would require Lenovo to produce electronic documents that cannot be recalled using reasonable means.

10. Lenovo objects to the Subpoena to the extent that the requests seek information not in the possession, custody or control of Lenovo, or information not owned or belonging to

3

Lenovo or information that is subject to a non-disclosure obligation pursuant to a confidentiality agreement with a third-party.

11. Lenovo objects to the Subpoena to the extent it seeks to define terms and/or characterize evidence in the litigation. To the extent Lenovo adopts any terms used in the Subpoena, such adoption is solely limited to the objections and responses herein, and does not constitute an admission of law or fact by Lenovo.

12. Lenovo objects to the Subpoena on the ground that it is significantly and unduly expensive to respond. Lenovo reserves its right to seek a remedy for further reimbursement of its expenses, including its reasonable attorneys' fees, resulting from any inspection and copying, as may be appropriate.

13. The presence or absence of any general or specific objection does not mean that Lenovo does not object on any other grounds.

14. Lenovo will respond to the Subpoena as it interprets and understands it. If Office Depot subsequently asserts an interpretation of any Request that differs from Lenovo's understanding, Lenovo reserves the right to supplement its objections and responses.

15. Lenovo objects to the Subpoena to the extent that it seeks confidential, trade secret, or other proprietary business information.

16. Lenovo objects to the Subpoena to the extent it requests that Lenovo prepare any document or other information that does not already exist.

4

This the 27th day of July, 2020.

        WOMBLE BOND DICKINSON (US) LLP

        /s/ Scott D. Anderson
        Raymond M. Bennett
        Ray.Bennett@wbd-us.com
        Scott D. Anderson
        Scott.D.Anderson@wbd-us.com
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        P: (919) 755-2158

        *Attorneys for Lenovo (United States) Inc.*

5

Case 7:20-mc-00004-RJ   Document 2-2   Filed 09/08/20   Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing upon counsel for Office Depot by Overnight Mail and electronic mail addressed as follows:

>Christopher M. Lomax
>Christina T. Mastrucci
>Brianna P. Hathaway
>JONES DAY
>Brickell World Plaza
>600 Brickell Avenue
>Suite 3300
>Miami, Florida 33131
>clomax@jonesday.com
>Cmastrucci@jonesday.com
>BHathaway@jonesday.com

This the 27th day of July, 2020.

>WOMBLE BOND DICKINSON (US) LLP
>
>/s/ Scott D. Anderson
>Raymond M. Bennett
>Ray.Bennett@wbd-us.com
>Scott D. Anderson
>Scott.D.Anderson@wbd-us.com
>555 Fayetteville Street, Suite 1100
>Raleigh, NC 27601
>P: (919) 755-2158
>
>*Attorneys for Lenovo (United States) Inc.*